IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SELIG SEALING PRODUCTS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UPSHER-SMITH LABORATORIES, INC., ) <br> APEX INTERNATIONAL, and ) <br> GAMER PACKAGING, INC. ) <br> ) <br> Defendants. ) | Civil Action No. 1:12-cv-5363 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Selig Sealing Products, Inc., by and through its undersigned attorneys, complains of the Defendants as follows:

**PARTIES**

1. Plaintiff Selig Sealing Products, Inc. ("Selig") is a corporation organized and existing under the laws of the State of Delaware and headquartered at 342 E. Wabash Avenue, Forrest, Illinois 61741.

2. Upon information and belief, Defendant Upsher-Smith Laboratories, Inc. ("Upsher") is a corporation organized and existing under the laws of the State of Minnesota and headquartered at 6701 Evenstad Drive, Maple Grove, Minnesota 55369-6026.

3. Upon information and belief, Defendant Apex International ("Apex") is a corporation organized and existing under the laws of the State of Minnesota and headquartered at 134 Columbia Court, Chaska, Minnesota 55318.

4. Upon information and belief, Defendant Gamer Packaging, Inc. ("Gamer") is a corporation organized and existing under the laws of the State of Minnesota and headquartered at 330 2nd Avenue South, Suite 895, Minneapolis, Minnesota 55401.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et. seq.*, trademark counterfeiting arising under the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, trademark and trade dress infringement arising under the Lanham Act, 15 U.S.C. § 1051 *et. seq.*, false designation of origin pursuant to 15 U.S.C. § 1051 *et. seq.*, unfair trade practices arising under the Illinois Deceptive Trade Practices Act (815 ILCS § 510/1 *et. seq.*), trademark infringement arising under the common law of the State of Illinois, and unfair competition arising under the common law of the State of Illinois.

6. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, 28 U.S.C. §§1331 and 1338(a) and 1338 (b). This Court also has jurisdiction over the related state and common law claims under 28 U.S.C. §1367.

7. Venue is proper before this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

### Selig and its LIFT 'N' PEEL Trademark and Trade Dress

8. Since long prior to the acts of Defendants complained of herein, Selig has been a leader in the business of developing, manufacturing, and marketing various container seals and closure/cap liners for various types of containers.

9. Such seals and liners are an important product safety and security device for consumers and suppliers.

10. One of Selig's most successful seal products is its LIFT 'N' PEEL brand inner seal that utilizes a tab that allows for consumers to remove easily the hermetic inner seal from a

product container opening.  Below are photographs showing Selig's LIFT 'N' PEEL brand seal and how it enables consumers to open easily sealed containers.



11.	Selig owns patent protection for the inner seal associated with the LIFT 'N' PEEL brand name and is the owner of corresponding U.S. Patent No. 7,217,454 B2, entitled "Polymer Lined Sealing Member For A Container" ("the '454 patent").

12.	Selig also is the owner of the following United States Trademark Registration for its LIFT 'N' PEEL trademark:

| Registration No. | Mark | Class | Date of Registration |
|---|---|---|---|
| 2558595 | LIFT 'N' PEEL | 20 | April 9, 2002 |

U.S. Registration No. 2558595 is referred to herein as "the '595 registration."  A true and correct copy of the '595 registration, along with current title and status documents, are attached hereto as Exhibit A.

13.	The '595 registration is valid, subsisting in full force and effect, and has become incontestable pursuant to 15 U.S.C. § 1065.

14.	The '595 registration constitutes *prima facie* evidence of its validity and conclusive evidence of Selig's exclusive right to use the LIFT 'N' PEEL trademark in connection with the goods identified therein and other commercial goods.

15.	The '595 registration provides sufficient notice to Defendants of Selig's ownership of and exclusive rights in such trademark.

16. The LIFT 'N' PEEL trademark at issue in this case has been continuously used since at least as early as October, 2000 and has never been abandoned.

17. Selig also is the owner of a unique and distinctive trade dress consisting of a repeating pattern of its LIFT 'N' PEEL trademark on the inner seal tab (the "LIFT 'N' PEEL trade dress"). The following is a representative example of the LIFT 'N' PEEL trade dress as utilized on a container for a consumer product:



18. Selig has developed and maintained substantial and valuable goodwill and reputation in its business operations, including in association with its LIFT 'N' PEEL trademark and trade dress. In doing so, Selig, has expended substantial amounts of resources, including money, time, and effort, in advertising, promoting, building up, and popularizing the LIFT 'N' PEEL trademark.

19. The relevant consumers and industry have come to know, associate, and attribute the use of the LIFT 'N' PEEL trademark and trade dress with Selig and to know and recognize the LIFT 'N' PEEL trademark and trade dress and associated goods as originating from and belonging to Selig.

4

-
-
-
20. Consumers of Selig's LIFT 'N' PEEL brand seals include not only consumer product manufacturers whose products are hermetically sealed into containers, but also the ultimate end-consumers and the public who purchase consumer products sealed in containers with LIFT 'N' PEEL brand seals.

21. To product manufacturers, the LIFT 'N' PEEL trademark and trade dress symbolize high quality seals, which ensure product integrity and also communicate these same qualities to the ultimate end-consumers of their products.

22. To consumers, the LIFT 'N' PEEL trademark and trade dress symbolize and communicate product safety and product integrity.

23. The market for Selig's LIFT 'N' PEEL brand seal products depends to a significant extent upon the goodwill associated with this trademark and associated trade dress and the high quality of trustworthy and ergonomically designed seals that the LIFT 'N' PEEL trademark and trade dress have come to represent. Consequently, infringement of Selig's LIFT 'N' PEEL trademark and trade dress impairs the goodwill associated with this brand and harms its reputation.

**Defendants' Acts of Infringement**

24. Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling and/or offering for sale products sealed with seals bearing logos and source identifying indicia and design elements that are studied imitations of Selig's LIFT 'N' PEEL trademark and the LIFT 'N' PEEL trade dress (collectively, the "Infringing Products").

25. The Infringing Products currently include, by way of example only, the Amlactin 7.9 oz. moisturizing body lotion product. The Amlactin product utilizes a tabbed inner seal on the container top, which inner seal bears the mark LIFT 'N' PEEL in a repeating pattern across

5

the tabbed portion of the seal. Below are photographs of the Amlactin product and its infringing tabbed inner seal:

  

26. Selig has tested the inner seal pictured above and utilized on the Infringing Products and has determined that such inner seal is not an authentic LIFT 'N' PEEL seal manufactured by Selig.

27. Defendants collectively participate in bringing the Amlactin product to the market. Upon information and belief, Gamer provides the inner seal, Apex attaches the inner seal to the container after it has been filled, and Upsher sells the Amlactin product.

28. On June 26, 2012, counsel for Selig wrote to Upsher's Associate General Counsel demanding that Upsher cease its unauthorized use of the LIFT 'N' PEEL trademark and its manufacture, promotion, distribution, sale and offering for sale of Infringing Products.

29. On June 26, 2012, counsel for Selig wrote to Apex' Chief Executive Officer demanding that Apex cease its unauthorized use of the LIFT 'N' PEEL trademark and its manufacture, production, promotion, distribution, sale and offering for sale of Infringing Products.

6

30. On June 26, 2012, counsel for Selig wrote to Gamer's Chief Executive Officer demanding that Gamer cease its unauthorized use of the LIFT 'N' PEEL trademark and its manufacture, production, importation, promotion, distribution, sale and offering for sale of the infringing seals with regard to Infringing Products.

31. Upon information and belief, as of the filing of this Complaint, Defendants continue to manufacture, produce, import, promote, distribute, sell and/or offer for sale the Infringing Products, at least by way of the Amlactin product, and have plans to continue with a subsequent third quarter 2012 production of the Infringing Products, despite Selig informing Defendants of the infringing nature of these actions.

## COUNT I

(Patent Infringement, 35 U.S.C. § 271)

32. Selig repeats and re-alleges the allegations contained in paragraphs 1 to 31, as if fully set forth herein.

33. On May 15, 2007, the '454 patent, a copy of which is attached hereto as Exhibit B, was duly and legally issued.

34. Selig is the exclusive owner of the '454 patent and has the right to sue for and recover all past, present, and future damages and other legal and equitable relief available for infringement of the '454 patent.

35. Upon information and belief, Defendants have been and continue to willfully infringe the '454 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, providing, offering to sell, selling, and/or importing within the United States, infringing seals and/or Infringing Products incorporating such seals within the United States and within this District, pursuant to 35 U.S.C. § 271(b) for actively inducing the infringement of the '454 patent, and 35 U.S.C. § 271(c) for contributing to the infringement of the '454 patent. The Infringing

7

Products include the Amlactin product. Upon information and belief, at least Defendant Gamer has been and continues to make, use, provide, offer to sell, sell, and/or import within the United States, infringing seals for one or more other Infringing Products. Gamer has refused to identify such other Infringing Products despite Selig's requests.

36. Defendants' infringement of the '454 patent has injured Selig, and Selig is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. §284.

37. Unless enjoined by the Court, Defendants will continue to injure Selig by directly infringing the '454 patent.

## COUNT II

(Trademark Counterfeiting, 15 U.S.C. § 1114)

38. Selig repeats and re-alleges the allegations contained in paragraphs 1 to 37, as if fully set forth herein.

39. Defendants, without authorization from Selig, have used and are continuing to use counterfeit marks or spurious designations that are identical to, or substantially indistinguishable from, Selig's LIFT 'N' PEEL trademark.

40. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products utilize seals that are genuine or authorized products of Selig.

41. Upon information and belief, Defendants have acted with knowledge of Selig's ownership of the LIFT 'N' PEEL trademark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the LIFT 'N' PEEL trademark.

42. Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

43. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled to in law or equity.

44. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

45. Defendants' acts have damaged and will continue to damage Selig.

46. Selig has no adequate remedy at law.

## COUNT III

(Trademark Infringement, 15 U.S.C. § 1114)

47. Selig repeats and re-alleges the allegations contained in paragraphs 1 to 46, as if fully set forth herein.

48. Upon information and belief, Defendants were aware of Selig's business and its LIFT 'N' PEEL trademark prior to the adoption and use of the "Lift 'n' Peel" mark on the Infringing Products.

49. Defendants either had actual notice and knowledge, or had constructive notice, of Selig's ownership and registration of the LIFT 'N' PEEL trademark pursuant to 15 U.S.C. § 1072 prior to Defendants' adoption and use of the "Lift 'n' Peel" mark.

50. Defendants, without authorization from Selig, have used and are continuing to use a reproduction, counterfeit, copy or colorable imitation of the LIFT 'N' PEEL trademark that is identical to, or substantially indistinguishable from, Selig's LIFT 'N' PEEL trademark.

51. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and

the trade as to whether the Defendants' Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Selig.

52. Defendants' unauthorized use of the LIFT 'N' PEEL trademark is also likely to cause consumers, the public, and the trade to be confused as to the source and nature of the goods Defendants' are promoting, marketing, or selling.

53. Defendants' unauthorized use of the LIFT 'N' PEEL trademark in connection with the Infringing Products allow, and will continue to allow, Defendants to receive the benefit of the goodwill established by Selig and to gain acceptance of Defendants' Infringing Products, not based on the merits of those goods, but on Selig's reputation and goodwill, which are instantly recognizable in the trade.

54. Upon information and belief, Defendants have acted with deliberate intent or willful blindness to unfairly benefit from the incalculable goodwill symbolized by Selig's LIFT 'N' PEEL trademark.

55. Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

56. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

57. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

58. Defendants' acts have damaged and will continue to damage Selig. Selig has no adequate remedy at law.

## COUNT IV

(Trade Dress Infringement, 15 U.S.C. § 1125(a))

59. Selig repeats and re-alleges the allegations contained in paragraphs 1 to 58, as if fully set forth herein.

60. The LIFT 'N' PEEL trade dress is used in commerce, non-functional, distinctive, and has acquired secondary meaning in the marketplace.

61. Upon information and belief, Defendants, without authorization from Selig, have or have caused to be, designed, manufactured, promoted, distributed, sold and/or offered for sale, seals that contain a pattern and appearance that is confusingly similar to the LIFT 'N' PEEL trade dress.

62. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, or the trade who recognize and associate the LIFT 'N' PEEL trade dress with Selig.

63. Defendants' conduct is likely to cause confusion, mistake, or to deceive consumers, the public, or the trade as to the source of the Defendants' products, or as to a possible affiliation, connection, or association between Selig, Defendants' and Defendants' Infringing Products.

64. Upon information and belief, Defendants have acted with knowledge of Selig's ownership of the LIFT 'N' PEEL trade dress and with deliberate intent or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

65. Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

66. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not entitled in law or equity.

67. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

68. Defendants' acts have damaged and will continue to damage Selig. Selig has no adequate remedy at law.

## COUNT V

(False Designation of Origin, 15 U.S.C. § 1125(a))

69. Selig repeats and re-alleges the allegations contained in paragraphs 1 to 68, as if fully set forth herein.

70. Defendants' unauthorized use of the LIFT 'N' PEEL trademark falsely suggests that their Infringing Products are connected with, sponsored by, affiliated with, or related to Selig, and constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

71. Defendants' aforementioned acts have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Selig's business, reputation, and goodwill. Selig has no adequate remedy at law.

## COUNT VI

(Uniform Deceptive Trade Practices Act Violation)

72. Selig repeats and re-alleges the allegations contained in paragraphs 1 to 71, as if fully set forth herein.

73. Defendants' unauthorized use of the LIFT 'N' PEEL trademark in connection with their goods is likely to cause confusion or mistake or to deceive as to the source or origin of their goods resulting in unfair competition in violation of Illinois law under 815 ILCS 510/1 *et. seq.*

74. Upon information and belief, Defendants' infringement has been with knowledge of Selig's rights.

75. Defendants' aforementioned acts have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Selig's business, reputation, and goodwill. Selig has no adequate remedy at law.

## COUNT VII

(Common Law Trademark Infringement)

76. Selig repeats and re-alleges the allegations contained in paragraphs 1 to 75, as if fully set forth herein.

77. Defendants' unauthorized use of the LIFT 'N' PEEL trademark constitutes trademark infringement with respect to Selig's LIFT 'N' PEEL trademark in violation of the common law of the State of Illinois.

78. Defendants' aforementioned acts have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Selig's business, reputation, and goodwill. Selig has no adequate remedy at law.

## COUNT VIII

(Common Law Unfair Competition)

79. Selig repeats and re-alleges the allegations contained in paragraphs 1 to 78, as if fully set forth herein.

80. Defendants' unauthorized use of the LIFT 'N' PEEL trademark constitutes unfair competition with respect to Selig's LIFT 'N' PEEL trademark in violation of the common law of the State of Illinois.

81. Defendants' aforementioned acts have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Selig's business, reputation, and goodwill. Selig has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Selig prays for:

1. Judgment finding that : (A) the '454 patent is valid, enforceable, and infringed by one or more of the Defendants; (B) Defendants have violated Section 32 of the Lanham Act, 15 U.S.C. § 1114 and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (C) Defendants have violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et. seq.*; and (D) Defendants have engaged in trademark infringement and unfair competition in violation of Illinois common law;

2. Temporary, preliminary and permanent injunctive relief enjoining each Defendant, their officers, agents, servants, employees, subsidiaries, and affiliated companies, and those persons acting in active concert or participation with Defendants from: (A) infringing, inducing infringement of, or contributorily infringing the '454 patent; (B) using in any manner the LIFT 'N' PEEL trademark and trade dress; (C) manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, and/or selling any products which bear the LIFT 'N' PEEL trademark or trade dress, and/ or any other mark or designation that is likely to cause confusion with the LIFT 'N' PEEL trademark and trade dress; and (D) engaging in any other activity constituting unfair competition with Selig, or acts and practices that deceive consumers, the public, and/or the trade, including without limitation, use of designations associated with Selig;

3. Judgment ordering each Defendant, pursuant to 15 U.S.C. §1116(a), to file with this Court and serve to Selig within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which it has complied with the injunction;

4. Judgment ordering Defendants, pursuant to 15 U.S.C. § 1118 and the equitable power of this Court to enforce the common law of the State of Illinois, to surrender for destruction all remaining inventory bearing the LIFT 'N' PEEL trademark and trade dress, all materials incorporating or reproducing the LIFT 'N' PEEL trademark and trade dress, and plates, molds, matrices, and other means of making the same;

5. An award of damages arising out of Defendants' infringement, inducing infringement, or contributory infringement of the '454 patent, together with pre-judgment and post-judgment interest;

6. Judgment that the damages arising from patent infringement be trebled in accordance with 35 U.S.C. § 284;

7. An award of statutory damages of $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed, in accordance with 15 U.S.C. § 1117, or alternatively, an award to Selig of its actual damages, all of Defendants' profits, any other relief attributable to the Defendants' Lanham Act violations, and directing that such profits or actual damages be trebled in accordance with 15 U.S.C. § 1117;

8. Judgment that Selig be awarded its attorneys' fees, costs, and expenses incurred in this action to the full extent provided by 35 U.S.C. § 285, 15 U.S.C. § 1117, and Section 510/3 of the Illinois Uniform Deceptive Trade Practices Act; and

9. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Selig hereby demands trial by jury of all issues triable of right by a jury.

Dated: July 9, 2012

Respectfully submitted,

/s/Timothy P. Maloney
Timothy P. Maloney (IL 6216483)
Joseph T. Nabor (IL 6201682)
Mark W. Hetzler (IL 6217209)
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
jtnabo@fitcheven.com
tpmalo@fitcheven.com
mwhetz@fitcheven.com
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

***Attorneys for Selig Sealing Products, Inc.***