# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SELIG SEALING PRODUCTS, INC., | ) Civil Action No. 1:12-cv-05363 |
| | ) |
| Plaintiff, | ) Judge John Z. Lee |
| | ) |
| v. | ) Magistrate Judge Morton Denlow |
| | ) |
| UPSHER-SMITH LABORATORIES, INC., | ) |
| APEX INTERNATIONAL, AND | ) **JURY TRIAL DEMANDED** |
| GAMER PACKAGING, INC., | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF SELIG SEALING PRODUCTS, INC.'S ANSWER TO DEFENDANT UPSHER-SMITH LABORATORIES, INC.'S COUNTERCLAIMS

Plaintiff Selig Sealing Products, Inc. ("Selig") for its Answer to the Counterclaims of Defendant Upsher-Smith Laboratories, Inc. ("Upsher") states and alleges as follows:

## GENERAL DENIAL

Selig denies each and every allegation, matter, or thing set forth in the Counterclaims of Upsher that is not specifically admitted, qualified, or answered herein.

## PARTIES

1. Upsher is a corporation organized and existing under the laws of the State of Minnesota and headquartered at 6701 Evenstad Drive, Maple Grove, Minnesota 55369-6026.

**ANSWER**: According to Upsher's Answer, Upsher is a corporation organized and existing under the laws of the State of Minnesota and headquartered at 6701 Evenstad Drive, Maple Grove, Minnesota 55369-6026.

2. According to the Complaint, Selig is a corporation organized and existing under the laws of the State of Delaware and headquartered at 342 E. Wabash Avenue, Forrest, Illinois 61741.

**ANSWER**: Selig admits to the allegations of Paragraph 2.

## JURISDICTION AND VENUE

3. Upsher's counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* under the patent laws of the United States, 35 U.S.C. § 1, *et seq.,* and under the Lanahm Act, 15 U.S.C. §§ 1119 and 1121.

**ANSWER**: Selig admits the allegations of Paragraph 3 only to the extent that the Counterclaims purports to state a cause of action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* under the patent laws of the United States, 35 U.S.C. § 1, *et seq.,* and under the Lanahm Act, 15 U.S.C. §§ 1119 and 1121. Selig denies that Upsher's allegations have any merit and denies the remaining allegations in Paragraph 3.

4. The Court has jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER**: Selig admits that Upsher's Counterclaims purports to recite an action where this court has jurisdiction. Selig denies that Upsher's allegations have any merit.

5. The Court has personal jurisdiction over Selig because, according to the Complaint, Selig resides in this district.

**A<span/>NSWER**: Selig admits that this court has personal jurisdiction over Selig for this action, but denies the remainder of the allegations of Paragraph 5.

6. Venue as to Upsher's counterclaims is proper because Selig has submitted to this Court's jurisdiction by filing the Complaint.

**A<span/>NSWER**: Selig admits that venue is proper in this Court for this action, but denies the remainder of the allegations of Paragraph 6.

## COUNT I

## DECLARATORY JUDGMENT OF PATENT INVALIDITY

7. Upsher restates and realleges its answers to each of the allegations set forth above. Upsher restates and realleges the allegations set forth in Paragraphs 1-6 above.

**A<span/>NSWER**: Selig restates and realleges its Answer to the allegations set forth in Paragraphs 1-6 above, as if fully set forth herein and denies the remaining allegations of Paragraph 7.

8. Based on Selig's filing of the Complaint and Upsher's denials and defenses, an actual controversy has arisen and now exists between Upsher and Selig regarding the validity of each of the claims of the '454 patent.

**A<span/>NSWER**: Selig admits that Upsher alleges that the '454 patent is invalid, but denies the remaining allegations of Paragraph 8.

3

9. Pursuant to 28 U.S.C. §§ 2201 *et seq.,* Upsher requests a declaration from the Court that each of the claims of the '454 patent is invalid for failure to comply with the requirements of Title 35 of the United States Code, including but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

**ANSWER**: Selig admits that Upsher requests a declaration that the '454 patent is invalid, but denies the remaining allegations of Paragraph 9.

## COUNT II

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

10. Upsher restates and realleges its answers to each of the allegations set forth above. Upsher restates and realleges the allegations set forth in Paragraphs 1-9 above.

**ANSWER**: Selig restates and realleges its Answer to the allegations set forth in Paragraphs 1-9 above as if fully set forth herein and denies the remaining allegations of Paragraph 10.

11. Based on Selig's filing of the Complaint and Upsher's denials and defenses, an actual controversy has arisen and now exists between Upsher and Selig regarding whether Upsher infringes, contributes to the infringement, or induces the infringement of any valid claim of the '454 patent.

**ANSWER**: Selig admits that Upsher alleges non-infringement of the '454 patent, but denies the remaining allegations of Paragraph 11.

12. Pursuant to 28 U.S.C. §§ 2201 *et seq.,* Upsher requests a declaration from the Court that Upsher does not and has not infringed any valid claim of the '454 patent, either directly or indirectly, or by inducement, or in any other manner, including under the doctrine of equivalents.

**ANSWER**: Selig admits that Upsher requests a declaration of non-infringement, but denies the remaining allegations of Paragraph 12.

## COUNT III

## DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY

13. Upsher restates and realleges its answers to each of the allegations set forth above. Upsher restates and realleges the allegations set forth in Paragraphs 1-12 above.

**ANSWER**: Selig restates and realleges its Answer to the allegations set forth in Paragraphs 1-12 above as if fully set forth herein and denies the remaining allegations of Paragraph 13.

14. Based on Selig's filing of the Complaint and Upsher's denials and defenses, an actual controversy has arisen and now exists between Upsher and Selig regarding the validity of the LIFT 'N' PEEL trademark.

**ANSWER**: Selig admits that Upsher purports to allege a controversy regarding the validity of the LIFT 'N' PEEL trademark, but denies the remaining allegations of Paragraph 14.

15. Pursuant to 28 U.S.C. §§ 2201 *et seq.,* Upsher requests a declaration from the Court that the registered trademark LIFT 'N' PEEL is invalid and unprotectable because the term is merely descriptive and has not acquired secondary meaning.

**ANSWER**: Selig admits that Upsher requests a declaration that the registered trademark LIFT 'N' PEEL is invalid and unprotectable because trademark is merely descriptive and has no acquired secondary meaning and denies the remaining allegations in Paragraph 15.

16. Pursuant to 28 U.S.C. §§ 2201 *et seq.,* Upsher requests a declaration from the Court that the registered trademark LIFT 'N' PEEL is invalid and unenforceable and that the '595 registration be cancelled pursuant to the Court's authority under 15 U.S.C. § 1119.

**ANSWER**: Selig admits that Upsher requests a declaration that the registered trademark LIFT 'N' PEEL is invalid and unprotectable and that the '595 registration be cancelled, but denies the remaining allegations of Paragraph 16.

## DEMAND FOR JURY TRIAL

Selig demands a jury trial on all issues triable to a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Selig Sealing Products, Inc. respectfully requests that this Court enter judgment as follows:

1. An order dismissing Upsher's Counterclaims against Selig with prejudice;

2. A judgment in favor of Selig and against Upsher on all counterclaims asserted against Selig by Upsher;

3. A declaration that Selig is the prevailing party and that this case is exceptional under 35 U.S.C. § 285 and 15 U.S.C. § 1117 and any other applicable statues, rules, or common law; and

4. Such other relief as this Court deems just and proper.

Dated: August 27, 2012

Respectfully submitted,

/s/ Mark W. Hetzler
Timothy P. Maloney (IL 6216483)
Joseph T. Nabor (IL 6201682)
Mark W. Hetzler (IL 6217209)
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
jtnabo@fitcheven.com
tpmalo@fitcheven.com
mwhetz@fitcheven.com
Telephone: (312) 577-7000
Facsimile: (312) 577-7007

***Attorneys for Selig Sealing Products, Inc.***

CERTIFICATE OF SERVICE

I, Mark W. Hetzler, an attorney, on oath, hereby certify that I caused a copy of the foregoing PLAINTIFF SELIG SEALING PRODUCTS, INC.'S ANSWER TO DEFENDANT UPSHER-SMITH LABORATORIES, INC.'S COUNTERCLAIMS to be electronically filed and served on all counsel of record using the Electronic Filing System of the United States District Court for the Northern District of Illinois, Eastern Division, this 27th day of August, 2012. Notice of this filing will be sent to all counsel who are currently on the Court's Electronic Mail Notice List by operation of the Electronic Filing System, and mailed separately to those, if any, not appearing thereon.

/s/ Mark W. Hetzler